(152 App. Div. 647.)

### BOWMAN v. FURBER et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

JOINT ADVENTURES (§ 5*)—ACCOUNTING.

    Where five persons, including defendant, associated together in a joint venture to lease mining property, which was nominally leased in the name of a third person, and also to take an option to purchase in the name of one of the associates, not a party to the action, and the leased property and the proceeds are still in the custody of the nominal lessee, defendant cannot be compelled in equity to account to any of the other associates for their shares of the proceeds of the leased property pursuant to the agreement of association.

    [Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 7; Dec. Dig. § 5.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Archibald Bowman against Percy N. Furber, impleaded with others. From a judgment dismissing the complaint as amended, plaintiff appeals. Affirmed.

See, also, 144 App. Div. 940, 129 N. Y. Supp. 1114.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Charles L. Craig, of New York City (Henry M. Wise, of New York City, on the brief), for appellant.

Arthur Furber, of New York City, for respondent.

WOODWARD, J. The plaintiff, as the assignee of the receiver in bankruptcy under the laws of England of one Gerard D. E. Chapman, brings this action in equity for an accounting as to a one-fifth interest in certain real estate transactions which took place in Mexico in 1905-06. The gist of the complaint is that Chapman came from England with one Newman Smith and Frank Furber, and went to the City of Mexico, where they met the defendants Percy N. Furber and Leslie Furber, and that the five persons so met entered into an agreement that they would enter into certain joint ventures, each one paying one-fifth of the expenditures, and that the profits were to be divided on that basis between them; that they visited and investigated a property known as the "Pelma Sola Estate"; that a lease of such estate for mineral purposes was taken in the name of one of the employés of the Oil Fields of Mexico Company, of which the defendant Percy N. Furber is the president, for the benefit of the said five parties; that an option was also taken for the purchase of said premises in the name of Chapman and the defendant Newman Smith, likewise for the benefit of the five persons named, and that Percy N. Furber was given authority to sell 51 per cent. of the mineral lease to the Oil Fields of Mexico Company for 2,000 shares of the stock of said company; and that Chapman is entitled to 400 shares of this stock, which vested in the receiver in bankruptcy, who in turn assigned the claim to the plaintiff.

The action is in equity against Percy N. Furber, Frank Furber, Leslie Furber, and Newman Smith, but the summons and complaint were served only upon Percy N. Furber; and, while the learned court at Special Term has found most of the facts in harmony with the contention of the plaintiff, the difficulty with the case is that it nowhere appears that Percy N. Furber ever came into the custody or control of any of the property, in addition to the fact that Chapman appears never to have contributed any money to the payment of his share of the expenditures. The option on the estate, which cost some or all of the defendants a considerable sum of money, has long since expired, and there is no evidence that the defendant Percy N. Furber ever did anything under the terms of the option, which, it will be remembered, was in the name of Chapman and Smith, neither of whom is a party to this action.

So far as appears from the evidence, Chapman and Smith never

transferred the option, and no rights are here claimed under it, though there was some contention on the part of the plaintiff that the property was subsequently purchased under some pretended renewal of the option; but the learned court refuses such a finding, and no evidence is pointed out which would warrant it. It is undisputed that Chapman never paid any part of the expense in connection with this option, his portion being fixed at from $10,-000 to $20,000, nor has he made any offer to do so, though the matter was called to his attention on several occasions. It is suggested in the pleadings that his share of the expenses may be deducted from any amount found to be due to him upon the transaction; but there is no suggestion that any amount will be paid, in the event of the accounting showing that no profits were made, and the agreement alleged and proved appears to contemplate. that Chapman should contribute his share of the expenditures in the furthering of the scheme as a condition precedent to his sharing in any of the profits, and this he has not done.

On the question of the lease of the premises for mineral purposes, the evidence is that the lease was taken in the name of an employé of the Oil Fields of Mexico Company for the benefit of the five contracting parties, and while there is a finding that it was agreed that Percy N. Furber might sell 51 per cent. of the value of this lease to the Oil Fields of Mexico Company for 2,000 shares of its stock, there is absolutely no evidence that any part of the leased property was ever turned over to the oil company, or that any stock was ever issued, or that there has been any transfer of the lease from the original holder. To call on Percy N. Furber to account for property which is still in the possession of the original holder, who is the custodian of the same for the benefit of all the parties to the agreement who have contributed to the venture, would be a strange proceeding in a court of equity, where only one of the persons interested is before the court; and we agree with the learned justice presiding that the case fails of the proofs necessary to justify the relief demanded. If the defendant Percy N. Furber has in his possession property in which Chapman has an equitable interest, it is proper, of course, that he should account for the same; but upon the proofs as they appear in this case the original lease of the mineral lands is still held by the dummy who became the custodian for all the parties. There is no evidence that Percy N. Furber acted upon the authority to sell an interest in the property, or that any of the stock of the Oil Fields of Mexico Company has ever been issued, or that there has been any dealing with the leased premises. Obviously a court of equity is not in a position to deal with this more or less informal transaction upon this state of facts, and without the presence of the holder of the lease and the other parties in interest.

The judgment appealed from should be affirmed, with costs. All concur.